IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN EMMANUEL AND PHILIP EMIABATA,<br>*Plaintiffs* | § § § § | |
| v. | § § | CASE NO. 1:20-CV-578-LY-SH |
| RLJ EQUITIES LLC, AUSTEX TOWING/IMPOUND, AND J&J TOWING,<br>*Defendants* | § § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiffs John Emmanuel and Philip Emiabata's Complaint. Dkt. 1. The undersigned Magistrate Judge submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.  Background

On July 7, 2020, the Court ordered Plaintiffs to file a More Definite Statement regarding their claims under the Real Estate Settlement Procedures Act by July 17, 2020. Dkt. 9. The Court also warned Plaintiffs that failure to comply with the Court's Order would result in the Court recommending that their case be dismissed. *Id*. Plaintiffs failed to timely file a More Definite Statement and have not filed a statement as of the date of this Report and Recommendation.

A district court may dismiss an action *sua sponte* for failure to prosecute or to comply with any order of court under Federal Rule of Civil Procedure 41(b). *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Because Plaintiffs failed to abide by a Court Order and to prosecute their case, this lawsuit should be dismissed.

## II.     Recommendation

The undersigned therefore **RECOMMENDS** that the District Court **DISMISS** John Emmanuel and Philip Emiabata's lawsuit without prejudice pursuant to Rule 41(b).

## III.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 21, 2020.

SUSAN HIGHTOWER  
UNITED STATES MAGISTRATE JUDGE